| United States District Court | | Southern District of Texas |
|---|---|---|
| Lila McWhirter, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-14-317 |
| AAA Life Insurance Company, | § § § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

A man died after he fell in his garage. His travel insurance covered accidents while exiting a car. Because he fell after having fully left his car, the fall was not covered. His beneficiary will take nothing.

2. *Background.*

Eugene McWhirter bought travel-accident insurance from AAA Life Insurance Company on August 29, 2012. On December 20, 2012, McWhirter – driven by his daughter Karen and accompanied by his wife Lila – returned home from a Christmas party. Nobody saw McWhirter fall. Immediately after the fall, his wife and daughter discovered him lying parallel to the car on his back, a few feet away from it on a sidewalk. McWhirter's feet were pointed towards and near a step leading into the home.

The death certificate – as well as statements from Karen McWhirter, the Houston Fire Department, and a neighbor – say that he fell after exiting the car. In response to AAA's question asking how the accident happened, Lila McWhirter said that he fell "[w]hile exiting the vehicle and entering the home."

AAA has moved for judgment on two grounds: (a) this slip is not covered by the policy; and (b) the fall was not the sole cause of his death.

3.  *Coverage.*

The policy covered accidents "driving, riding in, boarding or exiting from any private passenger automobile." Examining the record in a light most favorable to Lila McWhirter, no material fact is in genuine dispute.

Lila and Karen have sworn that although they did not see the fall, they "believe" that it occurred while he was exiting the car. Earlier, however, Karen reported to AAA that her father fell "after exiting a vehicle." In her affidavit, Lila said that it appeared "as though he had not yet made it that far when he fell."

Other statements describing the fall also come from people who also did not see it. A report from the Houston Fire Department says that McWhirter was "walking outside" when he fell. His death certificate says that he died from a blunt-force injury to the head. Under a box labeled "describe how injury occurred," the death certificate reads "fall from stairs." A neighbor says in her affidavit that Lila told her that he "had just fallen after exiting" the car.

In the drawing and photograph showing how he was found after the fall, he is supine, parallel to and a few feet away from the car, with his feet facing the step leading into his house. He is well away from the rear car door. If McWhirter fell while getting out of the car, he would have been found adjacent to the car – face down, perpendicular to it, or in a contorted lump. Based on the way he was found, he had already placed both feet out of the car and begun to walk to the house where he slipped approaching the front step, falling backwards.

4.  *Independent.*

Because McWhirter did not fall while getting out of his car, the court need not address whether his fall was the result of sickness, disease, or infirmity – another exclusion under the policy. If this court were to resolve that question, it would deny the motion for judgment on that issue. The confusing and conflicting medical evidence creates a genuine issue of a material fact.

5.  Conclusion.

Eugene McWhirter made a deal when he purchased travel insurance from AAA. He agreed to pay a modest amount for a modest amount of coverage. Although what happened to Eugene McWhirter is sad, it is not covered under the policy. Lila McWhirter will take nothing from AAA Life Insurance Company.

Signed on August 15, 2014, at Houston, Texas.

                                                     Lynn N. Hughes
                                       United States District Judge